UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

ZACKERY BECK,

    Plaintiff,

vs.                                          Case No. _____

HAMBLEN COUNTY, Tennessee,
a governmental entity,

ESCO R. JARNAGIN, Hamblen County Sheriff,

JOHN and JANE DOES, employees of the Hamblen
County Sheriff's Department,

    Defendants.

## COMPLAINT (Jury Trial Demanded)

---

    Comes now the Plaintiff, Zachery Beck, by and through counsel, and for his Complaint against the Defendants would respectfully state as follows:

    1.    The Plaintiff, Zachery Beck, is a citizen of Hawkins County, currently residing at 175 Beck Lane, Bulls Gap, Tennessee.

    2.    The Defendant, Hamblen County, Tennessee, ("Hamblen County"), is a governmental entity and political subdivision of the State of Tennessee. It may be served through its chief executive officer, County Mayor Bill Brittian, Hamblen County Courthouse, 511 West Second North Street, Morristown, Tennessee.

    3.    The Defendant, Sheriff Esco R. Jarnagin ("Sheriff Jarnagin"), is, based upon information and belief, a citizen and resident of Hamblen County and may be served at 510 Allison Street, Morristown, Tennessee.

    4.    Defendants Does 1-10 are unknown officers of the Hamblen County Sheriff's Department ("HCSD"), a subdivision of Hamblen County, who failed to take

reasonable steps to protect Plaintiff during his incarceration against the unlawful conduct alleged herein. They are also unknown participants who bear responsibility for the unsafe condition of the Jail. They are also sued in their individual capacity and official capacities. Plaintiff is informed and believes, and therefore alleges that at all times relevant herein, certain of the Doe Defendants were supervisors and policy makers for Hamblen County.

5. Hamblen County was responsible for the creation of the HCSD, which, among other things, must:

(a) train and certify its law enforcement employees;

(b) implement procedures and protocol to adhere to the Due Process Rights of citizens with whom its enforcement and jail employees interact; and

(c) Build, maintain, and fund a safe and adequate jail.

6. At all times material herein, Hamblen County and the HCSD possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the HCSD, including those individuals charged with protecting the health and safety of inmates at the Jail, and to assure that said actions, policies, rules, regulations, practices, and procedure of the Hamblen County Sheriff's Department and its employees and agents comply with the laws and constitutions of the United States and the State of Tennessee.

7. The Hamblen County Jail ("Jail") is operated by the Hamblen County Sheriff's Department. The Sheriff has a statutory duty to take charge and custody of the Jail and inmates housed therein, Tenn. Code Ann. § 41-4-101, and may appoint jailers, for whose actions he is civilly liable. Tenn. Code Ann. § 41-4-101.

8. Hamblen County and the HCSD acted through their agents, employees,

and servants, including policymakers and through Defendant Sheriff Esco R. Jarnagin ("Sheriff Jarnagin"), sued herein in his individual capacity and as principal on his official bond. Sheriff Jarnagin was acting under the color of law.

9. At all times material hereto, Sheriff Jarnagin was the duly elected Sheriff of Hamblen County, statutorily responsible for the operation of the Jail; for the screening, hiring, firing, training and the supervision of the jailers, deputies, corrections officers and other jail personnel; and responsible for the safety and welfare of those housed in the Jail. Tenn. Code. Ann. § 41-4-101.

10. At all times mentioned herein, Sheriff Jarnagin was an employee, agent, and/or servant of Hamblen County, acting within the course and scope of said employment, agency and/or service, and possessed the power and authority and was charged by law with the responsibility to enact policies and prescribed rules and practices concerning the operation of the Jail and concerning the means by which the lives and safety of inmates were to be secured, what criteria were to be used for placing inmates together in custody what methods of placement of an inmates in a cell were appropriate to safeguard the safety of all inmates, the manner in which threats to the life and safety of an inmate were to be evaluated and acted upon, what safeguards were to be in pace to prevent inmates who posed a threat of harm to other in the facility from being permitted physical access to those others, what actions were to be taken when an inmate is attacked or injured while incarcerated within the Jail, and what methods of surveillance were to be used within the Jail to insure immediate response to and prevention of incidents of violence occurring within the Jail.

11. Hamblen County and the HCSD are answerable for the safekeeping of inmates in their custody and are also responsible for the management and control of the Jail facilities and for all matters relating to the selection, supervision, promotion,

training, and discipline of uniformed staff, including supervisory staff, of the Jail. Hamblen County owns the Jail facility located at 510 Allison Street, Morristown, Tennessee.

12. This action is brought to recover damages under federal civil rights laws and Tennessee law against Defendants for their act and/or omissions leading up to the assault of Plaintiff at the Jail at the hands of other inmates.

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343 over Plaintiff's claims arising under the Constitution of the United States and 42 U.S.C. § 1983.

14. This Court has supplemental jurisdiction over any claims brought under Tennessee law pursuant to 28 U.S.C. § 1367, as such claims are so related to claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue lies in the United States District Court for the Eastern District of Tennessee, Northeastern Division, at Greeneville, because a substantial part of the events giving rise to Plaintiff's claims occurred in Hamblen County.

16. At all times material hereto, the Plaintiff was an inmate at the Jail. When the Plaintiff arrived at the Jail, he was placed in a cell with another inmate. Days after the Plaintiff's arrival, the Plaintiff's cell-mate and an inmate in an adjacent cell began to threaten the Plaintiff.

17. Due to the threats that the Plaintiff received from his cell-mate and a neighboring inmate, Plaintiff and another inmate asked the guards at the Jail to move the Plaintiff to a different cell. These requests were ignored by the Jail staff. On or about October 7, 2016, the Plaintiff's cell-mate and an inmate from the adjacent cell held the Plaintiff down and sexually assaulted the Plaintiff, inserting a finger into the plaintiff's

rectum looking for drugs. During the sexual assault, the Plaintiffs' cell-mate held a jail house made weapon, known as a "shank," to the Plaintiff's throat. The inmates threatened the Plaintiff's life during the sexual assault, informing the Plaintiff that if he did not stay still, they would cut his throat and kill him. The plaintiff sustained a rectal tear due to the sexual assault.

18. Days later, the plaintiff was beaten by an inmate at the Jail, sustaining trauma to his head and an abrasion and haematoma to his lip. Following the physical assault, the plaintiff attempted to kill himself by hanging himself with a sheet. Afterward, the plaintiff was transported to the Covenant Health Emergency Room, complaining of throat pain and difficulty swallowing.

19. The Plaintiff avers that although the Jail was equipped with video surveillance, there are blind spots in the cameras. The Plaintiff avers that the employees of the Jail knew, or should have known, of the blind spots, and took no action to rectify the problem or fully secure the areas which lacked proper video surveillance. In fact, Plaintiff avers that other individuals in the Jail, both inmates and employees, had been assaulted in the same area of the Jail where the Plaintiff was assaulted, where video surveillance was lacking.

20. The individual defendants, acting under the color of state law, deprived Plaintiff of rights secured by the Constitution or laws of the United States. Defendants had a duty under the Eighth and Fourteenth Amendments to the United States Constitution to take reasonable measures to guarantee Plaintiff's safety while he was in their custody, including a duty to protect him from violence at the hands of other inmates. Defendants violated their duty by not only ignoring substantial risks of serious harm to Plaintiff, but also by creating a substantial risk of harm to Plaintiff and other inmates by implementing, acquiescing to, condoning, or otherwise ratifying policies,

customs, and/ practices which turned the jail into place where inmates were packed together into a chronically and grossly overcrowded Jail, poorly supervised, if at all, by understaffed and untrained Jail staff, commonly unmonitored by Jail staff, in-person or via audio or video, not separated based upon criminal or other relevant classification; and housed in a facility not conductive to inmate safety.

21. Among other rights, Plaintiff had the right to be secure in his person while in the custody of the Hamblen County Sheriff's Department. This action, brought under 42 U.S.C. § 1983, arises as a result of:

   (a) Defendants' failure to protect Plaintiff from another inmate, causing him to suffer seriously bodily injury and psychological harm;

   (b) The unconscionable policies, customs, or practices, of the HCSD which led directly to Plaintiff's injuries

   (c) Defendants' deliberate indifference toward the physical and psychological well-being of Plaintiff, in deprivation of Plaintiff's Constitutional rights; and

   (d) Defendants' outrageous conduct

22. Defendants, with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of Plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things:

   (a) Chronic overcrowding at the Jail

   (b) Chronic under-staffing at the Jail

   (c) Lack of an appropriate and safe classification system for segregating non-violent inmates from aggressive and violent inmates;

   (d) Inadequate audio, video, and sight-lines;

(e) Failing to take adequate security measure to protect inmates from unnecessary harm, including but not limited to, the following: separation of inmates from potentially violent or dangerous inmates; use of security cameras to monitor violence within jail cell; training officers to monitor inmates and immediately respond to acts of violence, or threats of violence recognizing potentially volatile situations and circumstances that are likely to erupt into violence.

(f) Subjecting persons in their Jail to violence perpetrated by other inmates;

(g) selecting, retaining, and assigning employees to the Jail who exhibit deliberate indifference and reckless disregard for the safety, security, and constitutional and statutory rights of inmates;

(h) Failing to adequately, train supervise, and control officers in the art of law enforcement;

(I) Failing to adequately discipline officers involved in misconduct; and

(j) Condoning and encouraging officers in the belief that they can violate the rights of persons such as the Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

23. These policies, customs, or practices are so permanent and well-settled that they are accepted and unchallenged by Defendants. Together, they constitute a policy, custom, or practice of deliberate indifference to the safety of inmates, including Plaintiff. They also serve as affirmative links and motivating forces behind the deliberate indifference of Defendants, acting in concert to create the substantial risk of harm that resulted in severe injuries to Plaintiff at the hands of other inmates.

24. Plaintiff avers that Hamblen County has waived immunity for harm caused

as a result of a dangerous or defective condition of any building or public improvement to land. Tenn. Code Ann. § 29-20-204.

25. Hamblen County has waived immunity for negligence of the county and county employees, misconduct of deputies acting under the color of law, and for the negligence of deputies or employees of the HCSD or the county asset out in Tenn. Code Ann. § 29-20-305 and by Tenn. Code Ann. § 8-8-302 for intentional acts, omissions, or other misconduct down by deputies under the color of law.

26. There is no immunity for individuals for criminal conduct, or conduct which is willful or malicious.

**COUNT ONE: VIOLATION OF FEDERAL CIVIL RIGHTS LAWS UNDER COLOR OF LAW FOR MONETARY RELIEF UNDER 42 U.S.C. § 1983**
**Against Individual Defendants**

27. Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

28. The individual defendants, while acting under color of law, deprived Plaintiff of his civil rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution when they acted with deliberate indifference and reckless disregard toward Plaintiff's safety, right to be afforded due process of law, and by, among other things, the following:

(a) Placing Plaintiff with inmates who Defendants knew, or should have known, had exhibited aggressive behavior, without watching, monitoring, or protecting Plaintiff;

(b) Placing Plaintiff in the Jail under circumstances conducive to assault or the eruption of violence;

(c) Not observing or protecting Plaintiff, or otherwise standing by and allowing Plaintiff to be assaulted by other inmates, resulting in

unnecessary and severe injuries to Plaintiff

29. The Plaintiff avers that the Individual Defendants intentionally, recklessly, and with deliberate indifference failed to take adequate security measures to protect Plaintiff from violent assault and battery.

30. The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order.

31. As a direct and proximate result of the foregoing, Plaintiff suffered substantial physical and psychological injuries, pain and suffering, and incurred medical expenses.

32. Plaintiff is entitled to an award of attorneys' fees, costs, and expenses under 42 U.S.C. § 1988.

**COUNT TWO: VIOLATION OF FEDERAL CIVIL RIGHTS LAWS UNDER COLOR OF LAW PURSUANT TO 42 U.S.C. §§ 1983, 1986, AND 1988
(Monell Claim)
Against Defendant Hamblen County**

33. Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

34. The Due Process Clause of the Fourteenth Amendment prohibits Hamblen County from having any custom, policy, practice, or procedure which would constitute the proximate cause of its officers' deprivation of any citizen's constitutional rights.

35. Where such a custom, policy, practice, or procedure has resulted in its officer's deprivations of a citizen's constitutional rights under 42 U.S.C. § 1983,

sovereign immunity is removed.

36. This claim is to redress the deprivation, under color of authority, statute, ordinance, regulations, policy, custom, practice, or usage of a right secured to Plaintiff by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

37. The policies described herein, whereby the Jail is made unsafe and insecure to inmates who inhabit it, are, among other things, policies of reckless or deliberate indifference, comparable to deliberate action, such that the reasonably foreseeable consequence of these policies include the deprivation of Plaintiff's and other inmates constitutional rights, and the serious and disabling bodily and psychological injuries to Plaintiff. Defendant Hamblen County condoned these policies, exhibiting a marked failure to protect inmates within its custody.

38. Defendant Hamblen County and the HCSD implemented and maintained policies or customs exhibiting a deliberate indifference and conscious or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff and other inmates, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices, and customs:

    (a) Failing to adequately train, supervise, and control custodians of jail inmates in the proper recognition of dangerous inmates and violent situations.

    (b) Failing to adequately train, supervise, and instruct custodians of jail inmates in properly monitoring, deterring, controlling, and responding to inmate altercations and violence;

    (c) Failing to establish policies and procedure that enable identification and separation of extremely intoxicated, dangerous, or violent inmates from other inmates.

(d) Failing to adequately train, supervise, and control custodians of jail inmates in the proper response to threats of violence;

(e) Failing to maintain video surveillance of inmate areas to insure safety of inmates; and

(f) Failing to establish policies and procedure to reduce the risk of inmate injury by providing for immediate response to inmate violence or threats of violence.

39. All of these actions were done in violation of Plaintiff's civil rights under color of state law and constituted a systematic custom, policy, practice and procedure instituted for denial of the civil rights of inmates.

40. Hamblen County policymakers, including Defendant Sheriff Jarnagin, were aware of, but chose to disregard, the unjustifiably high risk that these conditions at the Jail would likely cause inmates to be assaulted by other inmates.

41. As a direct and proximate result of the foregoing, Plaintiff suffered substantial physical and serious psychological injury to his body and mind, pain and suffering, and incurred medical expenses.

42. Plaintiff is entitled to an award of attorney's fees, costs, and expenses under 42 U.S.C. § 1988.

**COUNT THREE: VIOLATION OF CIVIL RIGHTS LAWS UNDER COLOR OF LAW: FAILURE TO PROTECT INMATE IN CUSTODY**
**(42 U.S.C. § 1983 and 1988)**
**Against Individual Defendants**

43. Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

44. Defendants owed a duty to protect Plaintiff from violence at the hands of other inmates. Therefore, a special relationship existed between Plaintiff and Defendants, which gave rise to their duty to protect Plaintiff. Defendants breached that

duty by the wrongful acts described herein and failed to take reasonable measures to protect Plaintiff from violence at the hands of other inmates. The aforementioned breach of duties by Defendants constitutes violations of Plaintiff's civil rights in contravention of 42 U.S.C. § 1983.

45. At all times relevant, the Individual Defendants were charged with the constitutional duty to protect Plaintiff and to not knowingly, with wanton disregard, cause Plaintiff's life, health, and safety to be endangered by intentionally and/or deliberately ignoring any known dangers to Plaintiff.

46. Chief Deputy Mize publicly acknowledged that inmate-on-inmate assaults are common place at the Jail. ("Tempers flare. You have fights. The jailers have to deal with those situations every day.") Thus, the risk of violent assaults between inmates was well known to the Defendants.

47. Defendants violated the substantive due process rights of Plaintiff to be free from inmate-on-inmate violence while in custody. Each Defendant had ample and reasonably sufficient time and opportunity to intervene and prevent Plaintiff's injuries, and each was compelled to do so as an officer under the laws of the State of Tennessee and the Constitution of the United States of America. In deliberate indifference to the life and welfare of Plaintiff, the Defendants intentionally refrained from intervening in the acts leading up to the assault on the Plaintiff.

48. As a result thereof, Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated.

49. As a direct and proximate result of the foregoing, Plaintiff suffered substantial physical and psychological injuries, pain and suffering, and incurred medical expenses.

50. Plaintiff is entitled to an award of attorneys' fees, costs, and expenses

under 42 U.S.C. § 1988.

51. The conduct of the Individual Defendant was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive in a civilized society, so as to justify the imposition of punitive damages on the Individual Defendants.

**COUNT FOUR: VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW:
FAILURE TO TRAIN AND SUPERVISE
(42 U.S.C. 1983)
Against Hamblen County**

52. Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

53. At all times mentioned herein and prior thereto, Defendant Hamblen County and the HCSD had a duty to train, instruct, supervise, and discipline their subordinates to assure they respected and did not violate constitutional and statutory rights of inmates and to objectively investigate violations of said prisoner's civil rights, including, but not limited to, the right to be safe and protected from injury while in Defendant's custody, under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

54. Prior to the incident alleged herein, Defendants Hamblen County and Sheriff Jarnagin facilitated, permitted, ratified, or condoned similar acts of inmate on inmate assaults, and were deliberately indifferent to the health and safety of inmates in general and Plaintiff in particular. Defendants knew, or should have known, of these practices, patterns or policies of constitutional violations and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise, and discipline their subordinates to prevent similar acts to others, but failed to do so.

55. As a result thereof, Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated.

56. As a direct and proximate result of the foregoing, Plaintiff suffered substantial physical and psychological injuries, pain and suffering, and incurred medical expenses.

57. Plaintiff is entitled to an award of attorneys' fees, costs, and expenses under 42 U.S.C. § 1988.

58. The conduct of the Individual Defendant was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive in a civilized society, so as to justify the imposition of punitive damages.

**COUNT FIVE: TENNESSEE GOVERNMENTAL TORT LIABILITY ACT**
**Tenn. Code Ann. § 29-20-101**
**Against All Defendants**

59. Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

60. Hamblen County was responsible for the supervision of the Individual Defendants.

61. Pursuant to the Tennessee Governmental Tort Liability Act, the Defendants owed Plaintiff a duty of care to provide him with a safe environment while he was detained in their custody.

62. Defendants breached the duty of care as set forth herein and are therefore liable to Plaintiff.

63. Plaintiff seeks money damages in the maximum amount allowed under Tennessee law.

## COUNT SIX: OUTRAGEOUS CONDUCT/ INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**Against All Defendants**

64. Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

65. The allegations outlined herein against the individually named Defendants while Defendants were acting under the color of law, were outrageous and intolerable in a civilized society and were done with a reckless disregard of the probability of causing emotional distress.

66. The conduct of the Defendants, as outlined above, was outrageous. Defendants knew that their conduct would result in bodily injuries and severe emotional distress to Plaintiff, and their conduct was perpetrated with intent to inflict, or with reckless disregard of the probability of inflicting, mental anguish and severe emotional distress upon Plaintiff.

67. The aforementioned acts of Defendants were done knowingly, intentionally, and maliciously, for the purpose of harassment, oppression, and inflicting injury upon Plaintiff, and in reckless, wanton, and callous disregard for his safety, security, and civil rights. By reason thereof, Plaintiff claims punitive damages in an amount to be proven at trial.

68. As a result of the conduct of Defendants, Plaintiff has sustained and suffered, and continues to suffer, personal injuries.

69. Hamblen County is liable to Plaintiff under Tenn. Code Ann. § 8-8-301 et seq.

## DAMAGES

70. Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

71. As a direct and proximate result of the deliberately indifferent and wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer, injury, damage, and loss including, but not limited to severe emotional distress, impairment of earning capacity, medical expenses, past and future, pain and suffering; and loss of enjoyment of life.

72. The wrongful acts of the individually named Defendants were willful, oppressive, intentional, and malicious; therefore punitive damages should be asserted against Defendants in an amount deemed sufficient to punish and deter Defendants and others in similar positions of authority from engaging in similar conduct in the future.

73. Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover his reasonable attorney fees incurred herein.

## JURY DEMAND

74. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims asserted in this Complaint so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That the summons be issued and that Defendants be duly served with a copy of this Complaint and required to answer the same;

2. That the Court find that Defendants have engaged in the conduct and statutory and common law violations alleged herein;

3. That Plaintiff be awarded such damages as will fully compensate him for all injuries caused by Defendants' actions and that a judgement in favor of Plaintiff be entered;

4. That Plaintiff be awarded compensatory damages in an amount to be determined by the trier of fact, not to exceed $3,000,000.00;

5. That Plaintiff be awarded punitive damages in an amount to be determined by the trier fo fact, not to exceed $2,000,000.00;

6. That Plaintiff recover his costs of this suit, including reasonable attorney's fees and discretionary costs, as provided by law;

7. That Plaintiff be awarded pre-judgment and post-judgment interest as permitted by common law or applicable statute and such other and further relief as may be just and proper.

Respectfully submitted,

s/ Lance K. Baker
Lance K. Baker (BPR 032945)
The Baker Law Firm
550 Main Street, Suite 600
Knoxville, TN 37902
865-525-7028
Counsel for Plaintiff